**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Cleveland WILLIAMS,**
**Defendant-Appellant.**

**Nos. 78–5112, 78–5119**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co., of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Theodore J. Sakowitz, Federal Public Defender, Joel Kaplan, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U.S. Atty., Barbara D. Schwartz, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

Cleveland Williams and Jesse Shepard each were charged in a five-count indictment with one count of conspiracy to distribute heroin, two counts of possession of heroin, and two counts of distribution of heroin. In a separate five-count indictment, Williams was charged with one count of conspiracy to possess and distribute heroin, one count of possession of heroin, and one count of distribution of heroin.[1] Pursuant to a plea bargain agreement, Williams pleaded guilty to the two conspiracy counts and the government moved to dismiss the six substantive counts. In addition, the government recommended a sentence of seven years' incarceration. After considering the presentence investigation report and the testimony at the sentencing hearing, the district court sentenced Williams to consecutive sentences of five years with three years' special probation on each of the two conspiracy counts.

In this appeal Williams contends that the sentence imposed by the trial court penalized him for exercising his right against self-incrimination since the judge improperly considered Williams' failure to cooperate with the government in the prosecution of Shepard. *See United States v. Rogers,* 504 F.2d 1079, 1084–85 (5th Cir. 1974); *United States v. Acosta,* 501 F.2d 1330, 1337–38 (5th Cir. 1974) (dissenting opinion of Judge Gee captioned "The Sentencing Procedure"), *adopted en banc* 509 F.2d 539 (5th Cir. 1975). This contention is based on a colloquy at the sentencing hearing beginning with an inquiry by the district judge into the status of Shepard's case. Upon being informed that Shepard was going to trial, the judge further inquired whether Williams was going to be a witness. After having been told that Williams had neither volunteered nor been asked to help the prosecution and that his testimony, though it might be helpful, was not essential to the prosecution, the judge suggested that any assistance that Williams gave the prosecution might be a relevant consideration on motion for reduction of sentence.[2] After he pronounced sentence, the judge again reminded Williams' counsel that he retained jurisdiction for 120 days.

---

1. Williams' co-conspirators, Cecil James Rhodes and John Frederick Simmons, also were charged with these three offenses and in addition each was charged with the use of a firearm in the commission of these felonies. Rhodes and Simmons pleaded guilty to the distribution and firearms charges.

2. The judge stated:

   I've got jurisdiction on his case for 120 days after I sentence him.

   And, the Government now says that, while they don't need him, they would be willing to talk, so that might open up an avenue for you to explore.

   Because, if the Government came back in here in 120 days and said:

   "Well, we'd like you to give [the defendant] a break, because he helped us out here, and so on,"

   that might help him. I'm not saying he has to do it. He doesn't have to do it, and I'm not saying that he should do it.

   It's up to him. I don't know.

   But, I'm saying that if he wants to help them out, why, that might help him some, and it might not. I just don't know.

The transcript of the sentencing hearing makes clear that the district judge properly exercised his discretion[3] and sentenced Williams on the basis of the seriousness of the crimes involved and Williams' background as revealed by the presentence investigation. This case is unlike those relied on by Williams, in which the judge imposed a harsher sentence than he would otherwise have imposed because of the defendant's refusal to confess or cooperate. The judge's concern with Williams' history of involvement in the drug business is expressed at several places in the record, and the judge made it plain that he also was concerned about the seriousness of the crimes for which he was imposing sentence.[4] The judge did not give Williams an excessive sentence in order to compel him to testify against Shepard; to the contrary, he gave Williams the sentence he thought Williams deserved on the basis of the crimes and Williams' background. The judge's comments that Williams' cooperation might be a relevant consideration on a motion to reduce sentence does not require us to vacate these sentences on Williams' pleas of guilty.

AFFIRMED.

---

**3.** Immediately before pronouncing sentence, the judge commented: "Well, my probation office is going to think I never pay any attention to their recommendations. And, [the defendant] is going to think he got treated badly, so I guess I lose both ways." This comment indicates that the judge did attempt to balance competing considerations presented by the presentence investigation report and by Williams' counsel.

**4.** During the course of the hearing, the judge several times referred to Williams' history:

"I have read the presentence investigation report on both [cases].

It looks like [the defendant] has had his share of troubles.

.    .    .    .    .

"[H]is problem here is that he has just been involved in so much.

.    .    .    .    .

"Well, [the defendant] has got himself in a mess this time. He has got all these counts that the government is going to dismiss, but, boy, he has just been involved time and time again.

He's apparently pretty much involved in the drug business.

I'm not picking on him. I'm just pointing out my problem with trying to figure out what to do with him.

He's been arrested a number of times. He has been pretty fortunate a couple of times, getting some dismissals, and year probation, and dismissal, dismissal, one year county jail, one year county jail."

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.